# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OTIS SAMUEL | CIVIL ACTION |
| VERSUS | NO: 08-4621 |
| JACOB M. HAYWOOD, ET AL | SECTION: "S" (2) |

## ORDER AND REASONS

The motion to remand (Doc. #5) filed on behalf of the plaintiff Otis Samuel is **DENIED.**

## BACKGROUND

Plaintiff, a resident of South Carolina, filed suit in state court for personal injuries sustained on January 14, 2008, when his truck was struck by another truck. Plaintiff named as defendants Jacob M. Haywood, a resident of Indiana and driver of the truck which hit plaintiff's truck; P.A.M. Transports, Inc., Haywood's employer; P.A.M.'s liability insurer, National Union Fire Insurance Company of Pittsburgh; and Pilot Travel Center, LLC, a corporation which owned the truck stop in Hammond, Louisiana where plaintiff was injured. Liberty Mutual Insurance Company filed a Petition of Intervention in state court, and alleged that it is a foreign insurer, acknowledging that plaintiff was in the course and scope of his employment, and seeking reimbursement for worker's compensation payments that Liberty has paid and will pay on plaintiff's behalf.

On October 8, 2008, defendant National Union removed the matter on the basis of diversity jurisdiction. On November 12, 2008, plaintiff filed his motion to remand.

Plaintiff challenges removal because removal occurred before all defendants were served; no consent was obtained from the nonserved defendants or from the intervenor Liberty; and defendant's removal pleadings did not contain the intervention.[1] Further, plaintiff contends that this matter is otherwise nonremovable under 28 U.S.C. §1445(c) because the intervenor's claim arises solely under Louisiana's Workers' Compensation Act.[2]

National Union argues that plaintiff waived its right to complain of procedural defects because the motion to remand was filed more than thirty days after removal. Plaintiff argues that its motion to remand is timely because it had no notice of the removal until a cover letter from opposing counsel dated October 13, 2008.

**ANALYSIS**

**1. Legal Standard**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[3]

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction

---

[1] Upon the court's request, defendant attached a copy of Liberty's petition of intervention to a supplement to its list of parties and pleadings pursuant to 28 U.S.C. §1447(b) (Doc. #18).

[2] Plaintiff does not contest defendant's assertion that the parties are diverse, or that more than $ 75,000 are in controversy.

[3] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

must be made within 30 days after the **filing** of the notice of removal under section 1446(a)" (emphasis added). The thirty-day limit is strictly construed. "[A] motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside the district court's power to grant."[4] "A district court has no discretion to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days following *filing*."[5] The thirty-day period begins to run from the filing of the notice, regardless of when the notice was served on the adverse party.[6]

**2. Motion to Remand**

Under 28 U.S.C. §1445(c), "[a] civil action in any State arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The Fifth Circuit has held that 28 U.S.C. §1445(c) is not jurisdictional, and that if a defendant removes a civil action which arises under state worker's compensation laws, the wrongful removal is a procedural defect that is waivable and subject to the thirty-day deadline under 28 U.S.C. §1447(c).[7]

All of plaintiff's contentions, including the contention that the matter is nonremovable due to Liberty's worker's compensation intervention, constitute procedural defects or "defects other than the lack of subject matter jurisdiction." Consequently, plaintiff's motion to remand is governed by

---

[4] *Schexnayder v. Entergy Louisiana, Inc.,* 394 F.3d. 280, 284 (5th Cir. 2004).

[5] *Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995)(emphasis in original).

[6] *Pavone,* 52 F.3d at 566.

[7] *Williams v. AC Spark Plugs*, 985 F.2d 783, 787-88 (5th Cir. 1993). *See also In Re: Excel Corp.*, 106 F.3d 1197, 1201 n. 4 (5th Cir. 1997).

3

28 U.S.C. §1447(c),[8] which requires that a plaintiff file the motion to remand within 30 days after the **filing** of the notice of removal, which in this case was October 8, 2008.

Plaintiff did not file his motion to remand until November 12, 2008, which is beyond the thirty-day delay provided by 28 U.S.C. §1447(c). The law of the Fifth Circuit is settled that the thirty-day period under 28 U.S.C. §1447(c) begins to run from the filing of the notice, regardless of when the notice was served on the adverse party.[9] Because plaintiff's motion to remand is untimely under 28 U.S.C. §1447(c), plaintiff is not entitled to remand.[10]

Accordingly, the motion to remand is **DENIED.**

New Orleans, Louisiana, this   20th   day of February, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[8] See *Schexnayder,* 394 F.3d at 284; *In Re: Excel Corp.*, 106 F.3d at 1201 n. 4 and *Williams,* 985 F.2d at 787-88.

[9] *Pavone,* 52 F.3d at 566.

[10] Plaintiff alleges that Liberty's intervention "arises under worker's compensation laws," triggering 28 U.S.C. §1445(c). Whether an action "arises under" state worker's compensation laws, so as to be nonremovable, is determined by federal law. *Jones v. Roadway Express, Inc*., 931 F.2d 1086, 1092 (5th Cir. 1991). Because the motion for remand is untimely, it is unnecessary to determine whether 1445(c) would make the case nonremovable.